IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **WAYNE LEVINSON,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**PARK PLACE MEDIA, LLC,** a Washington company,<br><br>*Defendant.* | Case No. 2:22-cv-289<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Wayne Levinson ("Plaintiff Levinson" or "Levinson") brings this Class Action Complaint and Demand for Jury Trial against Defendant Park Place Media, LLC doing business as Park Place Properties ("Defendant" or "Park Place") to stop the Defendant from violating the Telephone Consumer Protection Act by sending telemarketing text messages without consent to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff Levinson, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief,

**CLASS ACTION COMPLAINT,** Page **1** of **11**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Levinson is a resident of Preston, Washington.

2. Defendant Park Place Media LLC is a Washington company headquartered in Federal Way, Washington. Defendant conducts business throughout this District, Washington, and the United States.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is based in this District and because the wrongful conduct giving rise to this case was directed to Plaintiff from this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is

CLASS ACTION COMPLAINT, Page **2** of **11**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

11. According to online robocall tracking service "YouMail," 3.6 billion robocalls were placed in December 2021 alone, at a rate of 115.1 million calls per day. www.robocallindex.com (last visited on January 25, 2021).

12. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complaints about unwanted calls than all other

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

**CLASS ACTION COMPLAINT,** Page **3** of **11**

1  complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer
2  Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of*
3  *1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

15. Defendant Park Place is a real estate brokerage. [3]

16. Defendant Park Place owns and operates the website www.parkplacewa.com and conducts business using the name Park Place Properties.

17. Defendant Park Place places phone calls and sends text messages to hundreds if not thousands of consumers to solicit their services to consumers including those who never provided their prior written consent to receive telemarketing calls or texts from or on behalf of the Defendant.

18. Defendant Park Place hires employees to place cold calls and to send out cold text messages and emails to solicit their services to the consumers, for instance:

- Defendant Park Place trains and instructs their employees to place more and more cold calls to solicit consumers to hire their services, as the CEO Garth Ward has been coaching via multiple videos posted on YouTube. [4]

- Defendant hires Sales Development Representatives for placing cold calls:

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau- consumer-protection-federal-communications-commission-rules- regulations/160616robocallscomment.pdf

[3] https://www.linkedin.com/company/parkplaceus/about/
[4] https://www.youtube.com/watch?v=aMShIAwjcDs; https://www.youtube.com/watch?v=h866CjZ9Dl4; https://www.youtube.com/watch?v=xiPR7sng5r8

**CLASS ACTION COMPLAINT,** Page **4** of **11**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

**Sales Development Representative**
Park Place Properties - Federal Way, WA
$33,857 - $209,834 a year

Apply Now

Park Place is now looking to hire a few select **Sales Development Representatives (SDR)**.

Here's what you'll be doing; **working side by side with the owners of Park Place and learning how to convert cold, warm, and hot leads at the highest level.** *You'll be calling, texting, emailing in order to set appointments.*

You start at $33,000 per year, *but quickly rise up to earning over $100,000.* **This happens within 12 months of starting.**

NO license or degree needed.

*Where else can you earn a 6 figure income within 12 months without a degree or license?*

**Seriously, just freaking sign up.** This is a life changing job offer that will change your life.

*Must be willing to do sales type activities such as role pay, cold calling, and cold sms/email outreach.*

Company website: https://www.parkplace.us/

Job Type: Full-time                                                                            [5]

## PLAINTIFF'S ALLEGATIONS

19. Plaintiff Levinson registered his cell phone number on the DNC on July 29, 2011, so that he would not receive unsolicited calls and text messages.

20. Plaintiff Levinson's cell phone number is not associated with a business and is used for personal use only.

21. On December 21, 2021, at 4:09 PM, Plaintiff Levinson received a call to his cell phone from the Defendant's employee Andrey Gulchuk using the phone number 425-615-9270. Plaintiff told Defendant's employee that he was in the middle of work, and that his phone number was listed on the Do Not Call Registry and disconnected the call.

22. Despite showing his disinterest in Defendant's services to the caller, at 4:11 PM that same day, Plaintiff received three text messages from the same phone number 425-615-9270

---

[5] https://www.indeed.com/cmp/Park-Place-Properties/jobs

**CLASS ACTION COMPLAINT,** Page **5** of **11**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

to his cell phone, soliciting Defendant's real estate services:

 

23. To find out how Defendant got the Plaintiff's phone number, Plaintiff Levinson called Defendant Park Place and spoke to one of the owners. Plaintiff Levinson was told that the Defendant received his contact information from BeenVerfied.com.

24. Plaintiff Levinson has never provided his phone number or consent to be called by the Defendant. Plaintiff also has no prior business relationship with the Defendant.

25. The unauthorized solicitation text messages and call that Plaintiff received from Defendant Park Place, as alleged herein, have harmed Plaintiff Levinson in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone,

CLASS ACTION COMPLAINT, Page 6 of 11

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

1  in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

26. Seeking redress for these injuries, Plaintiff Levinson, on behalf of his and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited telemarketing text messages and calls to telephone numbers that are registered on the DNC.

## CLASS ALLEGATIONS
### Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From the Defendant's Actions

27. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of his and all others similarly situated and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) texted or called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.

28. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

CLASS ACTION COMPLAINT, Page **7** of **11**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

29. **Typicality and Numerosity**: On information and belief, there are thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the class that received texts and calls as part of the same telemarketing campaign as other members of the Class.

30. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Park Place systematically placed multiple calls and text messages to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to call or send the texts;

(b) whether Defendant's texts and call to Plaintiff and other consumers were for telemarketing purposes;

(c) whether the calls constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

32. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, and as a

CLASS ACTION COMPLAINT, Page **8** of **11**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Levinson and the Do Not Call Registry Class)**

33. Plaintiff repeats and realleges the allegations in the preceding paragraphs of this complaint and incorporates them by reference

34. Defendant and/or its agents made multiple unwanted calls and sent solicitation text messages to Plaintiff and the other members of the Do Not Call Registry Class.

35. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation." To "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

36. Any "person who has received more than one telephone call within 12-month period by or on the behalf of the same entity in violation of the regulations prescribed under this subsection" may bring a private action based on a violation of said regulations, which were

CLASS ACTION COMPLAINT, Page **9** of **11**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

37.   Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

38.   Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one call and/or text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

39.   As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

40.   To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)   An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b)   An award of damages and costs for the benefit of Plaintiff and the Class;

c)   An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)   An injunction requiring Defendant to cease all unsolicited calling activity, and to

CLASS ACTION COMPLAINT, Page **10** of **11**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

1       otherwise protect the interests of the Class; and

2  e)    Such further and other relief as the Court deems just and proper.

3                          **JURY DEMAND**

4     Plaintiff requests a jury trial.

                                        Respectfully Submitted,

                                        **WAYNE LEVINSON**, individually and on behalf of those similarly situated individuals

Dated: March 10, 2022

                                        By: /s/ *Eric R. Draluck*
                                        WSBA # 19881
                                        271 Winslow Way E., #11647
                                        Bainbridge Island, WA 98110
                                        Telephone 206-605-1424
                                        Email: eric@dralucklaw.com

                                        Avi R. Kaufman*
                                        KAUFMAN P.A.
                                        237 South Dixie Highway, Floor 4
                                        Coral Gables, FL 33133
                                        Telephone: (305) 469-5881
                                        Email: kaufman@kaufmanpa.com

                                        *Attorneys for Plaintiff and the putative Class*

                                        *Pro Hac Vice motion forthcoming

**CLASS ACTION COMPLAINT,** Page **11** of **11**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424