HONORABLE JOHN C. COUGHENOUR

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| WAYNE LEVINSON, individually and on behalf of all others similarly situated, | No. 2:22-cv-289-JCC |
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |
| v. | Complaint Filed: March 10, 2022 |
| PARK PLACE MEDIA, LLC, a Washington company, | |
| Defendant. | |

ANSWER TO PLAINTIFF'S CLASS
ACTION COMPLAINT - 1
No. 2:22-cv-289-JCC

**LANE POWELL**
1420 FIFTH AVE, SUITE 4200
SEATTLE, WA 98111
206.223.7000  FAX: 206.223.7107

134390.0001/8974021.1

Defendant PARK PLACE MEDIA, LLC ("Park Place"), by and through its undersigned counsel, hereby submits its Answer to the Class Action Complaint ("Complaint") filed by Plaintiff WAYNE LEVINSON ("Plaintiff") as follows:

## CLASS ACTION COMPLAINT

Park Place admits that Plaintiff, in his unnumbered first paragraph, purports to bring this action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. Except as expressly admitted herein, Park Place denies the remaining allegations of this paragraph.

## PARTIES[1]

1.     Park Place is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

2.     Park Place admits that it is a company headquartered in Washington and that it does business in this District.  Except as expressly admitted, Park Place denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

3.     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Park Place denies that this Court has subject matter jurisdiction over this action because it denies that Plaintiff suffered a cognizable injury that is fairly traceable to any conduct by Park Place.

4.     Park Place admits this Court has personal jurisdiction over Park Place with respect to the claims asserted by Plaintiff in his individual capacity and venue in this District is proper with respect to the claims asserted by Plaintiff in his individual capacity.  Except as expressly admitted, Park Place denies the remaining allegations in this paragraph.

---

[1]     For the Court's convenience, Park Place incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings.  However, Park Place does not admit the characterizations of such headings unless specifically admitted herein, nor does Park Place waive any right to object to those characterizations.

ANSWER TO PLAINTIFF'S CLASS
ACTION COMPLAINT - 2
No. 2:22-cv-289-JCC

LANE POWELL
1420 FIFTH AVE, SUITE 4200
SEATTLE, WA 98111
206.223.7000  FAX: 206.223.7107

134390.0001/8974021.1

1

**INTRODUCTION**

2   5.   The allegations in this paragraph constitute legal conclusions to which no

3 response is required.  To the extent a response is required, Park Place states that the quoted

4 United States Supreme Court case speaks for itself.

5   6.   The allegations in this paragraph constitute legal conclusions to which no

6 response is required.  To the extent a response is required, Park Place states that the cited

7 regulation speaks for itself.

8   7.   The allegations in this paragraph constitute legal conclusions to which no

9 response is required.  To the extent a response is required, Park Place states that the cited

10 regulation speaks for itself.

11   8.   The allegations in this paragraph constitute legal conclusions to which no

12 response is required.  To the extent a response is required, Park Place states that the cited

13 materials speak for themselves.

14   9.   Park Place is without information or knowledge sufficient to form a belief as to

15 the truth of the allegations in this paragraph and, therefore, denies them.

16   10.   Park Place is without information or knowledge sufficient to form a belief as to

17 the truth of the allegations in this paragraph and, therefore, denies them.

18   11.   Park Place is without information or knowledge sufficient to form a belief as to

19 the truth of the allegations in this paragraph and, therefore, denies them.

20   12.   Park Place is without information or knowledge sufficient to form a belief as to

21 the truth of the allegations in this paragraph and, therefore, denies them.

22   13.   Park Place is without information or knowledge sufficient to form a belief as to

23 the truth of the allegations in this paragraph and, therefore, denies them.

24   14.   Park Place is without information or knowledge sufficient to form a belief as to

25 the truth of the allegations in this paragraph and, therefore, denies them.

26

ANSWER TO PLAINTIFF'S CLASS
ACTION COMPLAINT - 3
No. 2:22-cv-289-JCC

**LANE POWELL**
1420 FIFTH AVE, SUITE 4200
SEATTLE, WA 98111
206.223.7000  FAX: 206.223.7107

134390.0001/8974021.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**COMMON ALLEGATIONS**

15.     Park Place admits the allegations in this paragraph.

16.     Park Place admits the allegations in this paragraph.

17.     Park Place denies the allegations in this paragraph.

18.     Park Place denies the allegations in this paragraph.

**PLAINTIFF'S ALLEGATIONS**

19.     Park Place is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

20.     Park Place is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

21.     Park Place is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

22.     Park Place is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

23.     Park Place is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

24.     Park Place is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

25.     Park Place is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

26.     Park Place admits that Plaintiff seeks redress for alleged injuries for himself and on behalf of putative classes for alleged violations of the TCPA but denies that Plaintiff is entitled to any such relief and denies that any claims raised by Plaintiff or the putative classes are meritorious.

**CLASS ALLEGATIONS**

27.     Park Place admits that Plaintiff purports to have filed this action on behalf of

ANSWER TO PLAINTIFF'S CLASS
ACTION COMPLAINT - 4
No. 2:22-cv-289-JCC

**LANE POWELL**
1420 FIFTH AVE, SUITE 4200
SEATTLE, WA 98111
206.223.7000  FAX: 206.223.7107

134390.0001/8974021.1

himself and all others similarly situated as an alleged member of the class described in this paragraph but denies the remaining allegations of this paragraph, including that any asserted claims are meritorious and that this case is suitable for class treatment.

28.    Park Place admits that Plaintiff purports to have certain individuals excluded from the proposed class, as noted in this paragraph, but denies the remaining allegations in this paragraph, including that any claims are meritorious and that this case is suitable for class treatment.

29.    Park Place denies the allegations in this paragraph.

30.    Park Place denies the allegations in this paragraph.

31.    Park Place is without information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies them.

32.    Park Place denies the allegations in this paragraph.

**FIRST CAUSE OF ACTION**

33.    Park Place incorporates its responses to paragraphs 1 through 32 as if fully set forth herein.

34.    Park Place denies the allegations in this paragraph.

35.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Park Place states that the quoted regulation speaks for itself.

36.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Park Place states that the quoted regulation speaks for itself.

37.    Park Place denies the allegations in this paragraph.

38.    Park Place denies the allegations in this paragraph.

39.    Park Place denies the allegations in this paragraph.

40.    Park Place denies the allegations in this paragraph.

ANSWER TO PLAINTIFF'S CLASS
ACTION COMPLAINT - 5
No. 2:22-cv-289-JCC

LANE POWELL
1420 FIFTH AVE, SUITE 4200
SEATTLE, WA 98111
206.223.7000  FAX: 206.223.7107

134390.0001/8974021.1

**PRAYER FOR RELIEF**

a)  Park Place denies that Plaintiff is entitled to the relief requested in this paragraph.

b)  Park Place denies that Plaintiff is entitled to the relief requested in this paragraph.

c)  Park Place denies that Plaintiff is entitled to the relief requested in this paragraph.

d)  Park Place denies that Plaintiff is entitled to the relief requested in this paragraph.

e)  Park Place denies that Plaintiff is entitled to the relief requested in this paragraph.

**JURY DEMAND**

Park Place denies that any of the allegations set forth in the Complaint allege triable issues against Park Place.

**GENERAL DENIAL**

Park Place denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

Park Place hereby asserts the following defenses to the claims and allegations set forth in the Complaint.  By asserting these defenses, Park Place does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The Complaint fails to allege facts sufficient to state a cause of action against Park Place.  For example, Plaintiff fails to show that Park Place or one of its agent contacted him in violation of the TCPA.

**SECOND AFFIRMATIVE DEFENSE**

**(Arbitration and Class Action Waiver)**

Plaintiff and the putative class members are barred from asserting their claims to the extent their claims are subject to a binding arbitration agreement and an agreement to arbitrate their disputes on an individual (non-class) basis, depriving the Court of jurisdiction over their

ANSWER TO PLAINTIFF'S CLASS
ACTION COMPLAINT - 6
No. 2:22-cv-289-JCC

**LANE POWELL**
1420 FIFTH AVE, SUITE 4200
SEATTLE, WA 98111
206.223.7000 FAX: 206.223.7107

134390.0001/8974021.1

1  claims.

2  ### THIRD AFFIRMATIVE DEFENSE

3  #### (Lack of Personal Jurisdiction and Improper Venue)

4  Putative class members are barred from asserting claims in this jurisdiction because

5  this Court lacks personal jurisdiction over Defendant with respect to those claims and because

6  venue is improper in this Court with respect to those claims (including under *Bristol-Myers*

7  *Squibb Co. v. Super. Ct. of Calif.*, *San Francisco Cty.*, 137 S. Ct. 1773 (2017)).

8  ### FOURTH AFFIRMATIVE DEFENSE

9  #### (Consent)

10  Plaintiff and the putative class members are barred from asserting their claims in whole

11  or in part because the calls at issue were sent with the recipients' prior express permission

12  and/or consent and that consent was either irrevocable or was not effectively revoked.

13  ### FIFTH AFFIRMATIVE DEFENSE

14  #### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)

15  Plaintiff is barred from asserting his claims, in whole or in part, by the doctrines of

16  acquiescence, estoppel, waiver, and/or unclean hands.  For example, Plaintiff cannot assert

17  claims under the TCPA against Park Place to the extent he or others voluntarily provided

18  telephone numbers for the purpose of receiving calls like those referenced in the Complaint.

19  ### SIXTH AFFIRMATIVE DEFENSE

20  #### (No Knowing or Willful Misconduct)

21  Any claim for treble damages is barred because Park Place did not engage in knowing

22  or willful misconduct.  For example, Park Place only calls persons who have expressed an

23  interest in their services and consent to such calls.

24

25

26

ANSWER TO PLAINTIFF'S CLASS
ACTION COMPLAINT - 7
No. 2:22-cv-289-JCC

**LANE POWELL**
1420 FIFTH AVE, SUITE 4200
SEATTLE, WA 98111
206.223.7000  FAX: 206.223.7107

134390.0001/8974021.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**SEVENTH AFFIRMATIVE DEFENSE**

**(Standing)**

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Park Place, because any harm allegedly caused by the alleged calls at issue is not fairly traceable to any violation allegedly committed by Park Place, pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).  That is particularly true here, given that Plaintiff provided his number and address for the purpose of receiving real estate services.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Agency or Vicarious Liability and Proportional Allocation of Fault)**

Any damages, injury, violation or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Park Place cannot be held vicariously liable.  Further, Park Place did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it.  For example, to the extent an independent contractor of Park Place caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct of which the Complaint complains, such independent contractor acted outside the scope of the parties' agreement and Park Place did not approve of that conduct.  As such, Park Place cannot be held vicariously liable and its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law.  For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

ANSWER TO PLAINTIFF'S CLASS
ACTION COMPLAINT - 8
No. 2:22-cv-289-JCC

**LANE POWELL**
1420 FIFTH AVE, SUITE 4200
SEATTLE, WA 98111
206.223.7000  FAX: 206.223.7107

134390.0001/8974021.1

**TENTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution.  For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Due Process)**

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Park Place, would violate the Due Process provisions of the United States Constitution.  For example, certain definitions contained in the TCPA render the statute unconstitutionally vague.  Additionally, the statutory penalties sought by Plaintiff are excessive.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Hobbs Act)**

The Hobbs Act cannot be validly or constitutionally applied to preclude Park Place from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance with Laws)**

Park Place is not liable to Plaintiff because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Compliance with 47 C.F.R. § 64.1200(c)(2)(i))**

Any and all claims brought in the Complaint are barred in whole or in part because any violation of the TCPA occurred as a result of error, and, as part of its routine business practice, Defendant meets the standards set forth in 47 C.F.R. § 64.1200(c)(2)(i).

ANSWER TO PLAINTIFF'S CLASS
ACTION COMPLAINT - 9
No. 2:22-cv-289-JCC

134390.0001/8974021.1

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Established Business Relationship)**

Any and all claims brought in the Complaint are barred because Plaintiff had an established business relationship with the Park Place at all relevant times.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith; Reasonable Practices)**

Any and claims brought in the Complaint are barred because Park Place possessed a good faith belief that it was not committing any wrongdoing and any violations resulted from a *bona fide* error, despite reasonable practices to prevent violations of the TCPA and related regulations.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Party or Name Proper Defendant)**

Any and all claims brought in the Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party, and the failure to name the proper defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(FCC Exceeding Delegated Authority)**

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Calls)**

Any and all claims brought in the Complaint are barred in whole or in part because Plaintiff did not receive more than one telephone call within any 12-month period by or on behalf of Park Place.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Class Action Deficiencies)**

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of

**LANE POWELL**
1420 FIFTH AVE, SUITE 4200
SEATTLE, WA 98111
206.223.7000  FAX: 206.223.7107

134390.0001/8974021.1

Civil Procedure to maintain this action as a class action. Further, Park Place hereby gives notice that in the event that this Court certifies a class, which Park Place denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Park Place did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third-parties (such as other persons who provided the numbers on which Plaintiff was allegedly called) proximately caused any damages, injuries, or violations at issue.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

Park Place has not knowingly or intentionally waived any applicable defenses, and hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Park Place reserves the right to amend its Answer to assert any such defense.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Park Place Media, LLC prays as follows:

a)   That Plaintiff take nothing from Park Place by reason of this Complaint and that judgment be entered in favor of Park Place;

b)   For dismissal of the Complaint with prejudice;

ANSWER TO PLAINTIFF'S CLASS
ACTION COMPLAINT - 11
No. 2:22-cv-289-JCC

LANE POWELL
1420 FIFTH AVE, SUITE 4200
SEATTLE, WA 98111
206.223.7000  FAX: 206.223.7107

134390.0001/8974021.1

1       c)       That the Court award costs and reasonable attorneys' fees to Park Place as

2                   permitted by law;

3       d)       For such other relief as the Court deems just and proper.

4

5   DATED: May 12, 2022                By *s/ Callie A. Castillo*

6                                       Callie A. Castillo, WSBA No. 38214

7                                       Priya Vivian, WSBA No. 51802

                                    LANE POWELL PC

                                    1420 Fifth Avenue, Suite 4200

8                                       P.O. Box 91302

                                    Seattle, WA 98111

9                                       castilloc@lanepowell.com

                                    vivianp@lanepowell.com

10                                      Ryan D. Watstein

11                                      *admitted pro hac vice*

                                    KABAT CHAPMAN & OZMER LLP

12                                      171 17th Street NW, Suite 1550

                                    Atlanta, Georgia 30363

13                                      (404) 400-7300

                                    (404) 400-7333 (fax)

14                                      rwatstein@kcozlaw.com

15                  By *s/ Paul A. Grammatico*

                                    Paul A. Grammatico

16                                      *admitted pro hac vice*

                                    KABAT CHAPMAN & OZMER LLP

17                                      333 S. Grand Ave., Suite 2225

                                    Los Angeles, California 90071

18                                      (213) 493-3988

                                    (404) 400-7333 (fax)

19                                      pgrammatico@kcozlaw.com

20                                      *Attorneys for Defendant*

                                    Park Place Media, LLC

21

22

23

24

25

26

ANSWER TO PLAINTIFF'S CLASS
ACTION COMPLAINT - 12
No. 2:22-cv-289-JCC

134390.0001/8974021.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2022, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

Eric R. Draluck
ERIC R. DRALUCK
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
eric@dralucklaw.com

Attorney for Plaintiff


By *s/ Paul A. Grammatico*
      Paul A. Grammatico, *admitted pro hac vice*

ANSWER TO PLAINTIFF'S CLASS
ACTION COMPLAINT - 13
No. 2:22-cv-289-JCC

LANE POWELL
1420 FIFTH AVE, SUITE 4200
SEATTLE, WA 98111
206.223.7000  FAX: 206.223.7107

134390.0001/8974021.1